VENNER v. BELMONT.

(Supreme Court, Appellate Division, Second Department.  July 25, 1913.)

1. COSTS (§ 164*)—AMOUNT—EXTRA ALLOWANCE.

Where the action was an ordinary action for libel, and the rules of law governing it simple and elementary, it was not a difficult and extraordinary case, within the statute allowing additional costs for such cases, although the defendant had expended a large amount of money investigating the past life of plaintiff, seeking matter to plead in justification.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620-636; Dec. Dig. § 164.*]

2. LIBEL AND SLANDER (§ 101*)—JUSTIFICATION—PRESUMPTION.

The presumption is that, when one publishes libelous matter, he already possesses information justifying the charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 150, 273, 275-280; Dec. Dig. § 101.*]

Appeal from Special Term, Kings County.

Action by Clarence H. Venner against August Belmont.  Plaintiff moved for leave to discontinue on payment of costs, and defendant moved for an extra allowance.  Leave to discontinue granted, and extra allowance denied, and defendant appeals.  Affirmed.

The opinion of Blackmar, J., at Special Term, referred to by the court, is as follows:

[1] This is not a difficult and extraordinary case, within the meaning of the section of the Code authorizing an extra allowance.  It is an ordinary action for a libel.  The rules of law governing it are simple and elementary. It is true that the defendant has expended large sums of money in investigating the past life of the plaintiff, seeking matter to plead in justification, and has succeeded in discovering enough to enable him to set forth in his answer a biography of the plaintiff stretching over 118 printed pages.

[2] The presumption should be that, when one publishes libelous matter, he already possesses information justifying the charge.  The fact that an expensive and elaborate investigation is necessary to secure evidence in justification, while it may indicate that the defense is difficult, does not make the case a difficult one.

Motion to discontinue on payment of taxable costs granted.  Motion for an extra allowance denied.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Nicoll, Anable, Lindsay & Fuller, of New York City (De Lancey Nicoll and Courtland V. Anable, both of New York City, of counsel), for appellant.

J. Aspinwall Hodge, of New York City, for appellee.

PER CURIAM.  Order affirmed, on the opinion of Blackmar, J., at Special Term.

(157 App. Div. 855.)

SCHWEID et al. v. STORANDT.

(Supreme Court, Appellate Division, Fourth Department.  July 8, 1913.)

1. BROKERS (§ 60*)—RIGHT TO COMPENSATION—INVALIDITY OF CONTRACT.

Where a broker has procured a purchaser who is able and willing to buy the land at a price and upon terms satisfactory to the owner, although no enforceable contract has been entered into, and the sale there-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes